# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1316V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
MINDY PUCKETT,                         *
                                       *
                    Petitioner,        *        Filed: April 2, 2020
                                       *
          v.                           *
                                       *        Entitlement; Decision by Proffer; Damages;
SECRETARY OF HEALTH  AND               *        Influenza ("Flu") Vaccine; Shoulder Injury
HUMAN SERVICES                         *        Related to Vaccine Administration
                                       *        ("SIRVA")
                    Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Isaiah Kalinowski*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 25, 2017, Petitioner Mindy Puckett filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that she developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on October 26, 2015. Petition, ECF No. 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On January 22, 2020, I issued a ruling on onset finding that Petitioner "was administered a flu vaccine on October 26, 2015 in her left arm and that the onset of her shoulder pain occurred within 48 hours of vaccination." Ruling on Onset, ECF No. 46.

On March 10, 2020, Respondent filed an amended Rule 4(c) Report ("Respondent's Am. Rep."), stating that "While preserving his right to appeal the Court's January 22, 2020 Findings of Fact, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation for SIRVA." Respondent's Am. Rep. at 2, ECF No. 47. Respondent also requested a ruling on entitlement for the record. *Id.*

In light of Respondent's request, I issued a Ruling on Entitlement on March 24, 2020. ECF No. 52. I subsequently ordered the parties to inform the Court on their progress towards resolving damages. *See* Non-PDF Scheduling Order of March 24, 2020.

Respondent filed a proffer on April 1, 2020 (ECF No. 53), agreeing to issue the following payments:

    a.  a lump sum payment of **$109,737.32** for all damages, paid in the form of a check to Petitioner.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $109,737.32, in the form of a check payable to Petitioner, Mindy Puckett**. The clerk of court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MINDY PUCKETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 17-1316V |
| | ) Special Master Katherine Oler |
| SECRETARY OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 10, 2020, respondent filed an amended Vaccine Rule 4(c) report stating that he would not defend this case, which alleges that petitioner suffered a Shoulder Injury Related to Vaccine Administration within the Table timeframe following an influenza vaccination, under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34. Accordingly, on March 24, 2010, the Special Master issued a Ruling on Entitlement.

## I.    Items of Compensation

Respondent proffers that petitioner should be awarded $109,737.32, consisting of $107,500.00 in pain and suffering, $1,320.00 in lost wages, and $917.32 in past, unreimbursed expenses, which amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.   **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$109,737.32** in the form of a check payable to petitioner.[1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  April 1, 2020

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2